**ORIGINAL**

A6024
90210
CAC

1  Joseph Lavi, Esq. (State Bar No. 209776)
   jlavi@lelawfirm.com
2  Andrea Rosenkranz, Esq. (State Bar No. 301559)
   arosenkranz@lelawfirm.com
3  **LAVI & EBRAHIMIAN, LLP**
   8889 W. Olympic Blvd. Suite 200
4  Beverly Hills, California 90211
   Telephone: (310) 432-0000
5  Facsimile: (310) 432-0001

6  Attorneys for Plaintiff
   JAMIE ROOKER, on behalf of herself and others similarly situated

**FILED**
Superior Court of California
County of Los Angeles

NOV 07 2016

Sherri R. Carter, Executive Officer/Clerk
By _Cristina Grijalva_ Deputy
Cristina Grijalva

7
8         D310 Kenneth Freeman

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9
**FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

10

11  JAMIE ROOKER on behalf of herself and others
    similarly situated,

12          Plaintiff,

13  vs.

14
15  GENERAL MILLS OPERATIONS, LLC, a
    limited liability company; GENERAL MILLS,
16  INC., a corporation; YOPLAIT USA, INC., a
    corporation; and Does 1 to 100, inclusive,

17          Defendants.

Case No.:  **BC 6 4 0 0 5 7**

**CLASS ACTION**

**PLAINTIFF JAMIE ROOKER'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF FOR**

1.  **FAILURE TO PAY WAGES FOR ALL TIME WORKED AT MINIMUM WAGE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**

2.  **FAILURE TO PAY WAGES FOR ALL TIME WORKED AT OVERTIME RATE IN VIOLATION OF LABOR CODE SECTION 510, 1194 AND 1198**

3.  **FAILURE TO PROVIDE MEAL BREAKS AND MEAL BREAK PREMIUM WAGES IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7**

4.  **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226**

5.  **FAILURE TO TIMELY PAY FINAL WAGES IN VIOLATION OF LABOR CODE SECTIONS 201**

---

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1

**AND 202**

6.    **VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17200, ET SEQ.**

**DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff JAMIE ROOKER ("Plaintiff"), on behalf of herself, the general public, and all others similarly situated alleging and complaining against Defendants GENERAL MILLS OPERATIONS, LLC; GENERAL MILLS, INC.; YOPLAIT USA, INC.; and Does 1 to 100, inclusive, (hereinafter collectively referred to as "Defendants") as follows:

## I.    INTRODUCTION

1.    This is a class action lawsuit seeking unpaid wages and interest thereon for unpaid wages for all hours worked at the minimum wage and overtime rates of pay due to Defendants' policy, practice, and/or procedure of requiring Plaintiff and similarly situated hourly employees to don and doff their safety gear off-the-clock; unpaid meal period wages; statutory penalties for failure to provide accurate wage statements; waiting time penalties in the form of continuation wages for failure to timely pay employees; injunctive relief and other equitable relief; and reasonable attorney's fees and costs, and interest brought on behalf of Plaintiff and others similarly situated.

## II.    JURISDICTION AND VENUE

2.    This Court has jurisdiction over Plaintiff and the Class Members' claims for unpaid wages for all hours worked at the minimum wage and overtime rates of pay; unpaid meal period wages; statutory penalties for failure to provide accurate wage statements; waiting time penalties in the form of continuation wages for failure to timely pay employees all wages due upon separation of employment; and claims for injunctive relief and restitution under California Business & Professions Code Section 17200 *et seq.* for the following reasons: Plaintiff's lawsuit seeks permanent injunction and damages for herself and the Class Members in excess of $25,000; Defendants operate throughout California including at 1055 East Sandhill Avenue, Carson, CA 90170; more than two-thirds of the putative class members are California citizens; the principal violations of California law occurred in California; the conduct of Defendants forms a significant

1    basis for Plaintiff's and the Class Members' claims; and Plaintiff and the Class Members seek

2    significant relief from Defendants.

3    **III.    PARTIES**

4    3.    At times material hereto, Plaintiff was an employee of Defendants. Plaintiff worked

5    at and/or for Defendants in California as hourly, non-exempt employee, within the four years

6    preceding the filing of the Complaint in this action. Upon information and belief, Plaintiff is no

7    longer an employee of Defendants.  Plaintiff's last date of employment was on or about July 25,

8    2016.

9    4.    Plaintiff is informed and believes and thereon alleges that Defendant GENERAL

10    MILLS OPERATIONS, LLC is authorized to do business within the State of California and is doing

11    business in the State of California and/or that Defendants Does 1 to 100 are, and at all times relevant

12    hereto were, officers, directors, or shareholders of Defendant GENERAL MILLS OPERATIONS,

13    LLC who were acting on behalf of Defendant GENERAL MILLS OPERATIONS, LLC in the

14    establishment of, or ratification, of, the illegal payroll practices or policies as described herein.

15    Plaintiff is informed and believes and thereon alleges Defendant GENERAL MILLS

16    OPERATIONS, LLC's principal place of business is or was 1055 East Sandhill Avenue, Carson,

17    CA 90170, and at relevant times, Defendant GENERAL MILLS OPERATIONS, LLC employed

18    numerous hourly paid employees in Los Angeles County. Defendant GENERAL MILLS

19    OPERATIONS, LLC has significant contacts with Los Angeles County, including at 1055 East

20    Sandhill Avenue, Carson, CA 90170.

21    5.    Plaintiff is informed and believes and thereon alleges that Defendant GENERAL

22    MILLS, INC. is or was authorized to do business within the State of California and is or was doing

23    business in the State of California and/or that Defendants Does 1 to 100 are, and at all times relevant

24    hereto were, officers, directors, or shareholders of Defendant GENERAL MILLS, INC. who were

25    acting on behalf of Defendant GENERAL MILLS, INC. in the establishment of, or ratification, of,

26    the illegal payroll practices or policies as described herein. Plaintiff is informed and believes and

27    thereon alleges Defendant GENERAL MILLS, INC.'s principal place of business is or was 1055

28    East Sandhill Avenue, Carson, CA 90170, and at relevant times, Defendant GENERAL MILLS,

INC. employed numerous hourly paid employees in Los Angeles County. Defendant GENERAL MILLS, INC. has significant contacts with Los Angeles County, including at 1055 East Sandhill Avenue, Carson, CA 90170.

6.     Plaintiff is informed and believes and thereon alleges that Defendant YOPLAIT USA, INC. is or was authorized to do business within the State of California and is or was doing business in the State of California and/or that Defendants Does 1 to 100 are, and at all times relevant hereto were, officers, directors, or shareholders of Defendant YOPLAIT USA, INC. who were acting on behalf of Defendant YOPLAIT USA, INC. in the establishment of, or ratification, of, the illegal payroll practices or policies as described herein. Plaintiff is informed and believes and thereon alleges Defendant YOPLAIT USA, INC.'s principal place of business is or was 1055 East Sandhill Avenue, Carson, CA 90170, and at relevant times, Defendant YOPLAIT USA, INC. employed numerous hourly paid employees in Los Angeles County. Defendant YOPLAIT USA, INC. has significant contacts with Los Angeles County, including at 1055 East Sandhill Avenue, Carson, CA 90170.

7.     Plaintiff is informed and believes and thereon alleges that Does 1 through 50 are corporations, or are other business entities or organizations of a nature unknown to Plaintiff.

8.     Plaintiff is informed and believes and thereon alleges that Does 51 to 100 are individuals unknown to Plaintiff. Each of the individual defendants is sued individually and in her or her capacity as an agent, shareholder, owner, representative, manager, supervisor, independent contractor and/or employee of each Defendant and had operational control for Defendants.

9.     Plaintiff is unaware of the true names of Does 1 to 100 and therefore sues said Defendants by said fictitious names, and will amend this Complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named defendants is in some manner responsible for the events and allegations set forth in this Complaint.

10.     Plaintiff is informed, believes, and thereon alleges that at all relevant times, each Defendant was an employer, was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or

predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged in this Complaint. Plaintiff is further informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants. As used in this Complaint, "Defendant" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action in which the word appears and includes Defendants GENERAL MILLS OPERATIONS, LLC, GENERAL MILLS, INC., YOPLAIT USA, INC., and Does 1 to 100.

11.    At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venturer of each of the other defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent of each of the other Defendants.

12.    Plaintiff is informed and believes and thereon alleges that there exists such a unity of interest and ownership between GENERAL MILLS OPERATIONS, LLC, GENERAL MILLS, INC., YOPLAIT USA, INC., and Does 1 to 100, that the individuality and separateness of Defendants have ceased to exist. The business affairs of Defendants are, and at all times relevant hereto were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Defendants GENERAL MILLS OPERATIONS, LLC, GENERAL MILLS, INC., and YOPLAIT USA, INC., are, and at all times relevant hereto was, used by Does 1 to 100, as a mere shell and conduit for the conduct of Does 1 to 100's affairs and was undercapitalized during such use. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff. Accordingly, Defendants constitute the alter ego of each other and the fiction of their separate existence must be disregarded.

13.    Plaintiff makes the allegations in this Complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and Plaintiff

1   reserves all of Plaintiff's rights to plead in the alternative.

2   **III.    DESCRIPTION OF ILLEGAL PAY PRACTICES**

3       14.    Pursuant to the applicable Industrial Welfare Commission ("IWC") Wage Order

4   ("Wage Order"), codified at California Code of Regulations title 8, section 11050, Defendants are

5   employers of Plaintiff within the meaning of the applicable Wage Order and applicable California

6   Labor Code sections. Therefore, each of these Defendants is jointly and severally liable for the

7   wrongs complained of herein in violation of the Wage Order and the California Labor Code.

8       15.    **Failure to pay wages for all hours worked at the legal minimum wage**:

9   Defendants employed many of their employees, including Plaintiff, as hourly non-exempt

10  employees.  In California, an employer is required to pay hourly employees for all "hours worked,"

11  which includes all time that an employee is under control of the employer and all time the employee

12  is suffered and permitted to work. This includes the time an employee spends, either directly or

13  indirectly, performing services which inure to the benefit of the employer.

14      16.    California Labor Code sections 1194 and 1197 require an employer to compensate

15  employees for all "hours worked" at least at a minimum wage rate of pay as established by the

16  Industrial Welfare Commission ("IWC") and the Wage Orders.

17      17.    In this case, Defendants employed a policy, practice, and/or procedure whereby

18  Plaintiff and similarly situated employees were required to arrive prior to the start of their shift in

19  order to change into their safety gear prior to clocking in for their shift.  Similarly, Defendants

20  employed a policy, practice, and/or procedure whereby Plaintiff and similarly situated employees

21  were required to clock out of their shifts prior to changing out of their safety gear.

22      18.    Despite the fact that California law requires employers to pay employees for all hours

23  worked at least at a minimum wage rate because of Defendants failed to pay Plaintiff and similarly

24  situated hourly non-exempt employees for time spent donning and doffing safety gear.   The

25  foregoing resulted in hourly employees working time for which they were not compensated any

26  wages, in violation of California Labor Code sections 1194, 1197, and the Wage Orders.

27      19.    **Failure to pay wages for all hours worked at the employee's overtime rate of**

28  **pay**: As described above, Defendants' policies, practices, and procedures require Plaintiff and

1    similarly situated employees to don and doff their safety gear off the clock without being

2    compensated for that time.    The foregoing resulted in time each workday which Plaintiff and

3    similarly situated employees were under control of Defendants but were not compensated.

4        20.    Labor Code sections 510 and 1194 require an employer to compensate employees a

5    higher rate of pay for hours worked in excess of 8 hours in a workday, 40 hours in a workweek, and

6    on any seventh consecutive day of work in a workweek.

7
> Any work in excess of eight hours in one workday and any work in
> excess of 40 hours in any one workweek and the first eight hours

8
> worked on the seventh day of work in any one workweek shall be
> compensated at the rate of no less than one and one-half times the

9
> regular rate of pay for an employee. Any work in excess of 12 hours in
> one day shall be compensated at the rate of no less than twice the

10
> regular rate of pay for an employee. In addition, any work in excess of
> eight hours on any seventh day of a workweek shall be compensated

11
> at the rate of no less than twice the regular rate of pay of an employee.

12
(Lab. Code §510.)

13

14        21.    Despite that California law requires employers to pay employees for all hours worked

15    and at a higher rate of pay when those hours fall during work periods in excess of 8 hours in a

16    workday and 40 hours in a workweek; Defendants would fail to pay employees wages for the time it

17    took to don and doff their safety gear. To the extent the employees had already worked 40 hours in a

18    workweek, the employees should have been paid overtime for this unpaid time. This resulted in

19    non-exempt employees working time which should have been paid at the legal overtime rate, but

20    was not paid any wages in violation of Labor Code sections 510, 1194, and the Wage Orders.

21        22.    **Failure to pay non-exempt employees wages to compensate them for workdays**

22    **Defendants failed to provide legally compliant meal periods:** Defendants often employ non-

23    exempt employees, including the named Plaintiff and all others similarly-situated, for shifts of more

24    than five hours in length. California law requires an employer to provide an employee an

25    uninterrupted meal period of no less than 30-minutes before the end of a five hour work period.

26    Lab. Code §512; Wage Order 4, subd. 11.    Additionally, an employer may not employ an employee

27    for a work period of more than ten hours per day without providing the employee with a second

28    meal period of not less than 30 minutes before the end of the tenth hour of work. *Id.* If an employer

fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required meal period was not provided or was not duty free. *Id.*

23.    During the four years prior to the filing of this Complaint, Plaintiff and similarly situated employees would work on workdays in shifts of more than five hours entitling them to a meal period before the completion of five hours of work. Additionally, during the four years prior to the filing of this Complaint, Plaintiff and similarly situated employees would work on workdays in shifts of ten hours or more entitling them to second meal periods under California law. Defendants' payroll policies and procedures, however, neither provided for a timely first meal period nor provided for a second meal period when non-exempt hourly employees worked ten or more hours in a day, throughout the class period. Defendants also failed to provide the employees with premium wages for these late first meal periods and missed second meal periods. Defendants' failure to provide the employees with timely first meal periods and second meal periods was in violation of Labor Code § 226.7 and the Industrial Welfare Commission Wage Orders. Defendants owe each hourly employee wages for these late first meal periods and missed second meal periods.

24.    **Pay Stub Violations**: California Labor Code Section 226(a) provides (inter alia) that, upon paying an employee her or her wages, the employer must "furnish each of her or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and her or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

25.    Defendants' failure to compensate their hourly non-exempt employees for the time

spent donning and doffing their safety gear, their untimely first meal periods, and missed second meal periods resulted in Defendants providing their non-exempt hourly employees with inaccurate itemized wage statements in violation of Labor Code Section 226. The itemized wage statements provided by Defendants to Plaintiff and other hourly employees were inaccurate since it did not reflect all of the employees' earnings. This intentional inaccurate information prevented the named Plaintiff and all others similarly-situated from knowing the actual wages and calculating their actual wages which resulted in Plaintiff and other hourly class members to suffer actual damages, such as unpaid wages for all hours worked at the minimum wage and overtime rates of pay, premium wages for untimely first meal periods, and premium wages for missed second meal periods.

26.  **Failure to Pay California employees all wages due at time of termination/resignation:** An employer is required to pay all unpaid wages timely after an employee's employment ends.  The wages are due immediately upon termination (Lab. Code § 201) or within 72 hours of resignation (Lab. Code § 202).  Upon information and belief, Plaintiff was terminated from her position on or around July 25, 2016. At said time, Defendants failed to provide her with all her unpaid wages. Defendants policies and procedures which resulted in Defendants' failure to pay wages for all hours worked at the minimum wage and overtime rates of pay, failure to provide for timely first meal periods, and failure to provide second meal periods resulted in a failure to provide all employees whose employment ended within three years prior to the filing of this Complaint with all unpaid wages for all hours worked at the minimum wage and overtime rates of pay, unpaid premium wages for untimely first meal periods, and unpaid premium wages for missed second meal periods.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

27.  This action has been brought and may properly be maintained as a class action pursuant to California Code of Civil Procedure Section 382 and other applicable law, because there is a well-defined community of interest in the litigation and the proposed classes are ascertainable.

28.  Plaintiff brings this action on behalf of herself, on behalf of all others similarly situated, and on behalf of the General Public, and as a member of a Class defined as follows:

//

A.     **Unpaid Work Minimum Wage Class**: All current and former non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class, who were under control of Defendants during time prior to and after to a work period and Defendants did not pay wages for that time at the legal minimum wage rate.

B.     **Unpaid Work Overtime Wages Class**: All current and former non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class, who were under control of Defendants during time prior to a work period on workweeks they had already worked in excess of 40 hours in a week and Defendants did not pay overtime wages for that time.

C.     **Meal Period Class:** All current and former non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial Complaint in this action and through the date notice is mailed to a certified class who worked more than five hours in a day yet Defendants did not provide a timely first meal period and/or who worked more than ten hours in a day yet Defendants did not provide a second meal period.

D.     **Wage Statement Class**: All current and former non-exempt employees employed by Defendants in California at any time within one year prior to the filing of the initial Complaint in this action and through the date notice is mailed to a certified class who received inaccurate or incomplete wage and hour statements.

E.     **Waiting Time Class**: All former non-exempt employees employed by Defendants in California at any time within the three years prior to the filing of the initial Complaint in this action and through the date notice is mailed to a certified class who did not receive payment of all unpaid wages within the statutory time period upon separation.

F.     **California Class**: All aforementioned classes are here collectively referred to as the "California Class."

29.     All Classes are here collectively referred to as "California Class".

30.     There is a well defined community of interest in the litigation and the classes are ascertainable:

**A.** **Numerosity:** The Plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case. While the exact number of class members in each class is unknown to plaintiff at this time, Plaintiff is informed and believes and thereon alleges that, in California, each class has over 100 members.

**B.** **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff classes and predominate over any questions that affect only individual members of each class. The common questions of law and fact include, but are not limited to:

(i)     Whether Defendants violated California Labor Code sections 1194 and 1197 by not paying employees' wages at a minimum wage rate for all time that the Unpaid Work Minimum Wage Class Members were subject to Defendants' control but were not paid;

(ii)     Whether Defendants violated California Labor Code sections 510 and 1194 by not paying employees' wages at an overtime wage rate for all overtime hours that the Unpaid Work Overtime Wage Class Members were subject to Defendants' control but were not paid;

(iii)     Whether Defendants unlawfully failed to provide the Meal Period Class with timely first meal periods and/or proper second meal periods and/or an hour wage for every day such meal periods were not provided;

(iv)     Whether Defendants unlawfully failed to furnish the Wage Statement Class with proper accurate itemized wage statements;

(v)     Whether Defendants unlawfully failed to furnish the Waiting Time Class with all unpaid wages within the statutory time period upon separation;

(vi)     Whether the failure to pay all wages owing to the California Class was willful; and

(vii)     Whether Defendants violated Business & Professions Code Section 17200, *et seq.* by their wage and hour practices, furnishing of incorrect itemized wage statement practices, indemnification practices, as well as, payment at the time of separation practices; and

(viii)     Plaintiff anticipates that Defendants' affirmative defenses will raise

---

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
11

1  additional common issues of fact and law.

2          C.      **Typicality:** Plaintiff's claims are typical of the claims of the class members

3  in each of the classes. Plaintiff and the members of the Unpaid Work Minimum Wage Class

4  sustained damages arising out of Defendants' failure to pay wages at least at minimum wage for all

5  time the employees were subject to Defendants' control.   Plaintiff and the members of the Unpaid

6  Work Overtime Wage Class sustained damages arising out of Defendants' failure to pay wages at

7  the overtime wage for all overtime hours the employees were subject to Defendants' control.

8  Plaintiff and the members of the Meal Period Class sustained damages arising out of Defendants'

9  failure to provide timely first meal periods and/or proper second meal periods and/or meal period

10  premium wages. Plaintiff and the members of the Wage Statement Class sustained damages arising

11  out of Defendants' failure to furnish them with proper itemized wage statements. Plaintiff and the

12  members of the Waiting Time Class sustained damages arising out of Defendants' failure to provide

13  all wages due upon the end of their employment.

14          D.      **Adequacy of Representation:** Plaintiff will fairly and adequately protect the

15  interests of the members of each class. Plaintiff has no interest that is adverse to the interests of the

16  other class members. Plaintiff has retained counsel competent and experienced in complex class

17  action litigation and Plaintiff intends to prosecute this action vigorously. The interests of the

18  members of the Classes will be fairly and adequately protected by Plaintiff and her counsel.

19          E.      **Superiority:** A class action is superior to other available means for the fair

20  and efficient adjudication of this controversy. Because individual joinder of all members of each

21  class is impractical, class action treatment will permit a large number of similarly situated persons to

22  prosecute their common claims in a single forum simultaneously, efficiently, and without the

23  unnecessary duplication of effort and expense that numerous individual actions would engender.

24  The expenses and burdens of individual litigation would make it difficult or impossible for

25  individual members of each class to redress the wrongs done to them, while important public

26  interests will be served by addressing the matter as a class action. The cost to and burden on the

27  court system of adjudication of individualized litigation would be substantial, and substantially

28  more than the costs and burdens of a class action. Individualized litigation would also present the

potential for inconsistent or contradictory judgments.

F.    **Public Policy Consideration:** Employers throughout the state violate wage and hour laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they perceive their former employers can blacklist them in their future endeavors through negative references and by other means. Class actions provide the class members who are not named in the Complaint with a type of anonymity that allows for vindication of their rights.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY WAGES FOR ALL HOURS OF WORK AT THE LEGAL MINIMUM WAGE RATE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197

**(On Behalf of the Unpaid Work Minimum Wage Class against All Defendants and Does 1-100)**

31.    Plaintiff hereby incorporates by reference paragraphs 1-30 above, as if fully set herein by reference.

32.    At all times relevant to this Complaint, Plaintiff and the members of the Unpaid Work Minimum Wage Class were hourly employees of Defendants.

33..    Pursuant to Labor Code sections 1194, 1197, and Wage Orders, Plaintiff and the Minimum Wage Class are entitled to receive wages for all hours worked, i.e., all time subject to Defendants' control, and those wages must be paid at least at the minimum wage rate in effect during the time the employees earned the wages.

34.    Defendants' policies, practices, and/or procedures required employees of the Minimum Wage Class to be engaged, suffered, or permitted to work without being paid wages for all of the time in which they were subject to Defendants' control. Specifically, Defendants required employees to don and doff their safety gear off the clock.

35.    As a result of Defendants' unlawful conduct, Plaintiff and members of the Unpaid Work Minimum Wage Class have suffered damages in an amount subject to proof, to the extent that they were not paid wages at a minimum wage rate for all hours worked.

36.    Pursuant to California Labor Code Sections 1194 and 1194.2, Plaintiff and the

Unpaid Work Minimum Wage Class members are entitled to recover unpaid minimum wage, interest thereon, liquidated damages in the amount of their unpaid minimum wage, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES, IN VIOLATION OF LABOR CODE SECTIONS 510, 1194, AND 1198

### (On Behalf of the Unpaid Work Overtime Class against All Defendants and Does 1-100)

37.    Plaintiff hereby incorporates by reference paragraphs 1-36 above, as if fully set herein by reference.

38.    At times relevant to this Complaint, Plaintiff and the members of the Unpaid Work Overtime Wage Class were non-exempt employees of Defendants covered by California Labor Code sections 510 and 1194 and the Wage Order.

39.    Pursuant to California Labor Code sections 510 and 1194 and the Wage Order, non-exempt employees are entitled to receive a higher rate of pay for all hours worked in excess of 8 hours in a workday.

40.    California Labor Code section 510, subdivision (a), states in relevant part:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

41.    Further, California Labor Code section 1198 provides,

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for

longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

42.     Defendants' policies, practices, and/or procedures requiring employees to don and doff their safety gear off-the-clock resulted in workweeks in which Unpaid Work Overtime Wage Class Members worked in excess of forty (40) hours in a workweek but Defendants did not pay employees' wages for this time.  To the extent the unpaid work occurred during such work periods such that it forced the Unpaid Work Overtime Wage Class Members to work overtime hours during a workweek, Defendants were required to pay employees wages at an overtime rate of pay.

43.     As a result of Defendants' unlawful conduct, Plaintiff and members of Unpaid Work Overtime Wage Class have suffered damages in an amount subject to proof, to the extent that they were not paid wages at an overtime rate of pay for all on-the-clock and off-the-clock hours worked which constitute overtime.

44.     Pursuant to California Labor Code section 1194, Plaintiff and the Unpaid Work Overtime Wage Class members are entitled to recover the full amount of their unpaid overtime wages, prejudgment interest and attorneys' fees and costs.

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL BREAK PREMIUM WAGES IN VIOLATION OF**

**LABOR CODE SECTIONS 512 AND 226.7**

**(On Behalf of the Meal Period Class against All Defendants and Does 1-100)**

45.     Plaintiff hereby incorporates by reference paragraphs 1-44 above, as if fully set herein by reference.

46.      At all relevant times, Plaintiff and the other members of the Meal Period Class were non-exempt employees of Defendants covered by Labor Code Sections 512, 226.7 and Wage Order 4-2001.

47.      Pursuant to Labor Code Sections 512, 226.7 and Wage Order 4-2001 Plaintiff and the other members of the Meal Period Class were entitled to receive first meal periods before the end of a five hour work period.  If an employer fails to provide such timely meal periods, the employer must pay the employees one hour of pay at the employees' regular rate of pay for each

1    workday that a timely meal period is not provided.

2        48.    Pursuant to Labor Code Sections 512, 226.7 and Wage Order 4-2001 Plaintiff and

3    the other members of the Meal Period Class were entitled to receive second meal periods when they

4    worked ten or more hours in a day during which the employee is relieved of all duties.  If an

5    employer fails to provide second meal periods, the employer must pay the employees one hour of

6    pay at the employees' regular rate of pay for each workday that a second meal period is not

7    provided.

8        49.    Plaintiff is informed and believes and thereon alleges that at all relevant times within

9    the limitations period applicable to this cause of action, Defendants' policies and procedures were to

10   not provide employees with timely first meal periods, second meal periods, and to not pay an

11   employee one hour of pay at the employee's regular rate of pay for each workday that a timely first

12   meal period and/or second meal period was not provided.  Plaintiff and similarly situated employees

13   would work on workdays in shifts of five hours or more entitling them to a first meal period before

14   the end of their fifth hour of work under California law.  Additionally, Plaintiff and similarly

15   situated employees would work on workdays in shifts of ten hours or more entitling them to second

16   meal periods under California law. Despite that California law requires employers to provide

17   employees with timely and uninterrupted meal periods when they have worked a sufficient amount

18   of hours, Defendants did not provide Plaintiff and other employees with timely first meal periods

19   and/or second meal periods as part of Defendants' policy and practice.

20       50.    As a result of Defendants' unlawful conduct, Plaintiff and members of the Meal

21   Period Class have suffered damages in an amount, subject to proof, to the extent they were not paid

22   an hour wage for every meal period which they did not properly receive.

23       51.    Pursuant to Labor Code Sections 226.7 and 512, Plaintiff and members of the Meal

24   Period Class are entitled to recover the full amount of unpaid meal period wages, interest thereon,

25   and costs of suit.

26   //

27   //

28   //

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

**(On Behalf of the Wage Statement Class against All Defendants and Does 1-100)**

52.    Plaintiff hereby incorporates by reference paragraphs 1-51 above, as if fully set herein by reference.

53.    At all relevant times, Plaintiff and the other members of the Wage Statement Class were employees of Defendants covered by Labor Code Section 226 and Wage Order 4-2001.

54.    Pursuant to Labor Code Section 226, subdivision (a), and Wage Order 4-2001, Plaintiff and the other members of the Wage Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement which included, but not limited to, the following: (a) gross wages earned; (b) the total hours worked by the employee; (c) net wages earned; (d) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee; and (e) the name and address of the legal entity that is the employer.

55.    Defendants failed to provide accurate itemized statements to Plaintiff and members of the Wage Statement Class in accordance with Labor Code Section 226(a). Plaintiff is informed and believes and thereon alleges that at all relevant times within the limitations period applicable to this cause of action, Defendants' payroll policies and procedures failed to provide the non-exempt employees with pay at least minimum wage for all time worked, overtime wages of all overtime hours worked premium wages for untimely first meal periods, and missed second meal periods, resulting in Defendants inaccurately recording and reporting earnings such as net and gross wages on the wage statements.

56.    Defendants' failure to provide Plaintiff and members of the Wage Statement Class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and members of the Wage Statement Class accurate wage statements but intentionally provided wage statements that Defendants knew were not accurate.

57.    As a result of Defendants' conduct, Plaintiff and members of the Wage Statement Class have suffered injury. The absence of accurate information on their wage statements has

prevented earlier challenges to Defendants unlawful pay practices, required discovery and mathematical computations to determine the amount of wages owed, caused difficulty and expense in attempting to reconstruct time and pay records, and/or led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.

58.    Pursuant to Labor Code Section 226(e), Plaintiff and members of the Wage Statement Class are entitled to recover fifty (50) dollars for the initial pay period within the applicable limitations period in which a violation of Labor Code Section 226 occurred and one hundred dollars for each violation of Labor Code Section 226 in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars per employee.

59.    Pursuant to Labor Code Sections 218 and 226(e), Plaintiff and members of the Wage Statement Class are entitled to recover the full amount of penalties due under Labor Code Section 226(e), reasonable attorney's fees and costs of suit.

### FIFTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT

### (On Behalf of the Waiting Time Class against All Defendants and Does 1-100)

60.    Plaintiff hereby incorporates by reference paragraphs 1-59 above, as if fully set herein by reference.

61.    At all relevant times, Plaintiff and the other members of the Waiting Time Class were employees of Defendants covered by Labor Code Sections 201 or 202.

62.    Pursuant to Labor Code Sections 201 and 202, Plaintiff and members of the Waiting Time Class were entitled upon separation to timely payment of all wages earned and unpaid prior to separation.  Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

63.    Defendants failed to pay Plaintiff and members of the Waiting Time Class all wages

earned and unpaid prior to separation in accordance with Labor Code Section 201 and/or 202. Plaintiff is informed and believes and thereon alleges that at all relevant times within the limitations period applicable to this cause of action, Defendants maintained a policy or practice of failing to pay at least minimum wage for all time worked, failing overtime wages of all overtime hours worked, failing to pay premium wages for untimely first meal periods, failing to pay premium wages for missed second meal periods, and/or not paying them final wages timely upon separation of employment.

64.     Defendants' failure to pay Plaintiff and members of the Waiting Time Class all wages earned prior to separation timely in accordance with Labor Code Sections 201 or 202 was willful. Defendants had the ability to pay all wages earned by hourly workers prior to separation in accordance with Labor Code Sections 201 or 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code Sections 201 or 202. When Defendants failed to pay hourly workers timely upon separation all wages earned prior to separation, Defendants knew what they were doing and intended to do what they did.

65.     Pursuant to Labor Code Section 201 or 202, Plaintiff and members of the Waiting Time Class are entitled to all wages earned prior to separation that Defendants did not pay them.

66.     Pursuant to Labor Code Section 203, Plaintiff and members of the Waiting Time Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon separation until paid, up to a maximum of 30 days.

67.     As a result of Defendants' conduct, Plaintiff and members of the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to separation.

68.     As a result of Defendants' conduct, Plaintiff and members of the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under Labor Code Section 203.

69.     Pursuant to Labor Code Sections 201, 202, and 203, Plaintiff and members of the Waiting Time Class are entitled to recover the full amount of their unpaid wages, continuation wages under Section 203, interest thereon, reasonable attorney's fees and costs of suit.

## SIXTH CAUSE OF ACTION

## UNFAIR COMPETITION

### (On Behalf of the California Class against All Defendants and Does 1-100)

70.     Plaintiff hereby incorporates by reference paragraphs 1-69 above, as if fully set herein by reference.

71.     The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of California Business and Professions Code Section 17200. This unfair conduct includes Defendants' use of policies and procedures which resulted in: failure to pay employees at least at the minimum wage rate for all hours which they worked; failure to pay overtime wages for overtime hours worked; failure to provide all required meal periods or pay meal period premium wages; failure to provide accurate wage and hour statements; and failure to pay timely all wages due upon separation of employment. Due to their unfair and unlawful business practices in violation of the California Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to pay employees for all hours worked, to provide meal periods or pay meal period premium wages, to provide accurate wage and hour statements, and to timely pay all wages due upon separation of employment.

72.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and members of the Unpaid Work Minimum Wage Class, Unpaid Work Overtime Wage Class, Meal Period Class, Wage Statement Class, and Waiting Time Class have suffered injury in fact and lost money or property, as described in more detail above.

73.     Pursuant to California Business and Professions Code Section 17203, Plaintiff and members of the Unpaid Work Minimum Wage Class, Unpaid Work Overtime Class, Meal Period Class, Wage Statement Class, and Waiting Time Class are entitled to restitution of all wages and other monies rightfully belonging to them that Defendants failed to pay and wrongfully retained by means of their unlawful and unfair business practices. Plaintiff also seeks an injunction against Defendants on behalf of the California Class enjoining Defendants, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth

herein.

## PRAYER FOR RELIEF

### ON ALL CAUSES OF ACTION:

1. That the Court determine that this action may be maintained as a class action (for the entire California Class and/or any and all of the specified sub-classes) pursuant to Code of Civil Procedure section 382 and any other applicable law;

2. That the named Plaintiff be designated as class representative for the California Class (and all sub-classes thereof);

3. A declaratory judgment that the practices complained herein are unlawful; and,

4. An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein; and

5. For attorneys' fees and costs of suit, including but not limited to that recoverable under California Code of Civil Procedure section 1021.5.

### ON THE FIRST CAUSE OF ACTION:

1. That Defendants be found to have violated the minimum wage provisions of the California Labor Code and the IWC Wage Order as to Plaintiff and the Unpaid Work Minimum Wage Class;

2. For damages, according to proof, including but not necessarily limited to unpaid wages;

3. For any and all legally applicable penalties;

4. For liquidated damages pursuant to California Labor Code section 1194.2;

5. For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 1194, and post-judgment interest;

6. For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code section 1194;

7. For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 218.6, and post-judgment interest; and,

1    8.    For such and other further relief, in law and/or equity, as the Court deems just or

2    appropriate.

3                        **ON THE SECOND CAUSE OF ACTION:**

4    1.    That Defendants be found to have violated the overtime provisions of the California

5    Labor Code and the Wage Order as to Plaintiff and the Unpaid Work Overtime Wage Class;

6    2.    For damages, according to proof, including but not limited to unpaid wages;

7    3.    For any and all legally applicable penalties;

8    4.    For pre-judgment interest, including but not limited to that recoverable under

9    California Labor Code section 1194, and post-judgment interest;

10   5.    For attorneys' fees and costs of suit, including but not limited to that recoverable

11   under California Labor Code section 1194; and,

12   6.    For such and other further relief, in law and/or equity, as the Court deems just or

13   appropriate.

14                        **ON THE FIRST CAUSE OF ACTION:**

15   1.    That the Defendants be found to have violated the meal period provisions of the

16   Labor Code and the IWC Wages Orders as to Plaintiff and the Meal Period Class;

17   2.    For damages, according to proof, including unpaid wages;

18   3.    For any and all legally applicable penalties;

19   4.    For pre-judgment interest, including but not limited to that recoverable under

20   California Labor Code section 218.6, and post-judgment interest; and

21   5.    For such and other further relief, in law and/or equity, as the Court deems just or

22   appropriate.

23                        **ON THE THIRD CAUSE OF ACTION:**

24   1.    That the Defendants be found to have violated the provisions of the Labor Code

25   regarding proper itemized paystubs as to Plaintiff and the Wage Statement Class;

26   2.    For damages and/or penalties, according to proof, including damages and/or statutory

27   penalties under Labor Code section 226(e) and any other legally applicable damages or penalties;

28   3.    For pre-judgment interest and post-judgment interest;

4.      For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code section 226(e); and,

5.      For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE FOURTH CAUSE OF ACTION:

1.      That the Defendants be found to have violated the provisions of the Labor Code regarding payment of wages due upon resignation or termination as to Plaintiff and the Waiting Time Class;

2.      For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 203 and any other legally applicable damages or penalties;

3.      For pre-judgment interest, including under California Labor Code section 218.6, and post-judgment interest; and,

4.      For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE FIFTH CAUSE OF ACTION:

1.      That the Defendants be found to have violated Business and Professions Code section 17200 for the conduct alleged herein as to Plaintiff and all Classes;

2.      A declaratory judgment that the practices complained herein are unlawful;

3.      An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein;

4.      For restitution to the full extent permitted by law; and,

5.      For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

//

//

//

//

Dated: November 4, 2016                    Respectfully submitted,

                                           **LAVI & EBRAHIMIAN, LLP**


                                           By: _____
                                               Joseph Lavi, Esq.
                                               Andrea Rosenkranz, Esq.

                                               Attorneys for Plaintiff
                                               JAMIE ROOKER, on behalf of herself
                                               and others similarly situated.


## DEMAND FOR JURY TRIAL

Plaintiff JAMIE ROOKER demands a trial by jury for herself and the California Class on all claims so triable.


Dated: November 4, 2016                    Respectfully submitted,

                                           **LAVI & EBRAHIMIAN, LLP**


                                           By: _____
                                               Joseph Lavi, Esq.
                                               Andrea Rosenkranz, Esq.

                                               Attorneys for Plaintiff
                                               JAMIE ROOKER, on behalf of herself
                                               and others similarly situated.

ORIGINAL

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Joseph Lavi, Esq. (State Bar No. 209776)
Andrea Rosenkranz, Esq. (State Bar No. 301559)
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Boulevard, Suite 200
Beverly Hills, CA 90211
TELEPHONE NO.: 310-432-0000   FAX NO.: 310-432-0001
ATTORNEY FOR *(Name):* JAMIE ROOKER. on behalf of herself and others similarly situated

FOR COURT USE ONLY

**FILED**
Superior Court of California
County of Los Angeles

NOV 07 2016

Sherri R. Carter, Executive Officer/Clerk
By Cristina Grijalva, Deputy
Cristina Grijalva

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles - Central District
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: Jamie Rooker v. General Mills Operations, LLC, et al.

| **CIVIL CASE COVER SHEET** | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder | BC 640057 |
| | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action *(specify):* SIX

5. This case [X] is [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 4, 2016

Andrea Rosenkranz, Esq.
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Legal Solutions Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
Contract/Warranty Breach—Seller Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case—Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment (*non-domestic relations*)
Sister State Judgment
Administrative Agency Award (*not unpaid taxes*)
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-harassment*)
Mechanics Lien
Other Commercial Complaint Case (*non-tort/non-complex*)
Other Civil Complaint (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late Claim
Other Civil Petition

**ORIGINAL**

| SHORT TITLE: Rooker v. General Mills Operations, LLC, et al. | CASE NUMBER | BC 6 4 0 0 5 7 |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [x] YES   CLASS ACTION? [x] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 15-20 [ ] HOURS/ [x] DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.3.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory Filing Location (Hub Case)

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070  Asbestos Property Damage | 2. |
| | | [ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | [ ] A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | [ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | [ ] A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | [ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

LA-CV109

| SHORT TITLE: Rooker v. General Mills Operations, LLC, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Rooker v. General Mills Operations, LLC, et al. | CASE NUMBER |
| --- | --- |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
| --- | --- | --- | --- |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

| SHORT TITLE: Rooker v. General Mills Operations, LLC, et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>[x]1. □2. □3. □4. □5. □6. □7. □8. □9. □10. □11. | ADDRESS: 1055 East Sandhill Avenue |
|---|---|
| CITY:<br>Carson | STATE:<br>CA | ZIP CODE:<br>90710 |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd. (a).

Dated: November 4, 2016

(SIGNATURE OF ATTORNEY/FILING PARTY)

Andrea Rosenkranz, Esq.

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.